IN RE APPLICATION OF M. & S. TRANSPORT COMPANY. MABEL C. HERMAN, DOING BUSINESS AS HERMAN OIL TRANSPORT COMPANY ET AL., APPELLANTS, V. M. & S. TRANSPORT COMPANY ET AL., APPELLEES.

44 N. W. 2d 585

Filed October 31, 1950. No. 32799.

*Rosewater, Mecham, Stoehr, Moore & Mecham,* for appellants.

*Jack W. Marer* and *Loyal G. Kaplan,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

On August 20, 1948, a joint form application was filed with the Nebraska State Railway Commission, hereinafter called the commission, seeking authority by M. &

S. Transport Company as purchaser of its operating equipment, to acquire the intrastate operating rights of Ervin C. Lacina, doing business as Lacina Transport Company, and obtain authority as its successor in interest to operate as an intrastate motor carrier for hire, of "Petroleum products * * * From all producing, refining and distributing points in Nebraska, as points of origin to all points and places within a 100-mile radius of Lincoln, Nebraska, over irregular routes."

On August 26, 1948, Mabel C. Herman, doing business as Herman Oil Transport Company, filed a letter of protest with the commission,, alleging that the granting of such aforesaid application would: "(1) * * * not be consistent with the public interest; (2) * * * unduly restrict competition; and (3) that in a statutory sense applicant is not fit and able properly to perform the service proposed and to conform to other relevant provisions of law." Such letter also requested a formal hearing on some date after September 28, 1948.

On October 20, 1948, as shown in the transcript, a hearing was held upon the application "pursuant to notice duly given all interested parties," whereat, although kept open for one hour, protestant did not appear.

On October 29, 1948, a report and recommendation of the examiner was filed with the commission. That instrument, after reciting at length the evidence adduced, found that appellant, M. & S. Transport Company, was "fit, willing and able properly to perform the proposed service and to conform to the provisions of Section 75-222 to 75-250 R. S. Nebr., 1943 and the requirements, rules and regulations of the Commission promulgated thereunder," and "That the proposed transaction will be consistent with the public interest and does not unduly restrict competition." It then found and recommended that "applicant should be granted a certificate of public convenience and necessity authorizing operations as" sought in the application.

No exceptions were filed to such report or recommen-

dations, and on November 10, 1948, the commission entered its findings and order specifically affirming the findings of the examiner, approving his report and recommendation that "applicant should be issued a certificate of public convenience and necessity authorizing operations as" sought by it, and specifically "granted" and "issued" such a "certificate."

On November 18, 1949, one year and eight days after entry of the commission's final order of November 10, 1948, and after the mandate was issued in In re Application of Neylon, 151 Neb. 587, 38 N. W. 2d 552, Mabel C. Herman, doing business as Herman Oil Transport Company, filed a motion with the commission asking leave to file a petition for reconsideration, reopening, and vacation of the order of November 10, 1948, upon the ground that it was void primarily because no notice of hearing upon the application or copy of the examiner's report or such order had ever been received by either protestant or her attorney, and that the commission was without jurisdiction to authorize the transfer of a certificate of public convenience and necessity from one holder to another. Also, on November 18, 1949, Transit, Inc., as an alleged interested party, filed a petition with the commission, praying for leave to intervene and likewise seek to have the commission's order of November 10, 1948, reconsidered, reopened, and vacated on similar grounds.

On December 7, 1949, M. & S. Transport Company and Ervin C. Lacina, doing business as Lacina Transfer Company, filed with the commission a joint motion to dismiss or overrule the motion for leave to file a petition for reconsideration and to dismiss or deny the petition for leave to intervene, and answered not only specifically traversing all the allegations of such motion and petition but also pleading facts supported by affidavits and copies of official commission records attached thereto, showing precedent notice and knowledge by both protestant and intervener of the application, the details

of the entire transaction, the hearing, and final action of the commission thereon.

On December 10, 1949, the commission sat en banc, whereat evidence was adduced, including by stipulation all pleadings filed by the parties in the original proceeding, together with all attachments thereto, upon the issues so presented. Thereafter, the commission, upon consideration of such pleadings and evidence, entered its official findings and order wherein, after reciting substantially the findings and order of November 10, 1948, granting and issuing a certificate of public convenience and necessity to M. & S. Transport Company, it overruled the motion of Mabel C. Herman, doing business as Herman Oil Transport Company, for leave to file a petition for reconsideration, and denied the petition of Transit, Inc., for leave to intervene.

The petition of protestant and intervener for rehearing was denied by the commission on December 30, 1949, and they appealed, assigning substantially that the order of November 10, 1948, was void ab initio, and that the orders of December 10, 1949, and December 30, 1949, were arbitrary, unreasonable, and contrary to the evidence and the law. We conclude that the assignments have no merit.

By their pleadings and evidence appellants have concededly not brought themselves within the procedure or provisions of section 75-238, R. R. S. 1943, relating to the suspension, change, or revocation of certificates of public convenience and necessity. Since this is a collateral attack upon the order of November 10, 1948, from which no appeal was ever taken, the basic issue for decision is the validity of such order.

It is apparent from the record that upon the filing of the joint application here involved, the commission proceeded to act under and in compliance with the authority granted to it by section 75-240, R. R. S. 1943, relating to the commission's authority to approve and authorize the purchase of the operating property of a

motor carrier, and sections 75-229 and 75-230, R. R. S. 1943, relating to the application for and authority of the commission to issue certificates of public convenience and necessity.

Contrary to appellants' contentions, the record and evidence herein disclose beyond peradventure of a doubt that a hearing was had upon the application pursuant to notice thereof by mail served upon all interested parties, including appellants, as required by the afore-cited statutes. Also, contrary to appellants' contention, this is not a case wherein there was a transfer of a certificate already issued from one holder to another, as in In re Application of Neylon, *supra*. Rather, in this case, after a notice and hearing according to law whereat ample competent evidence was adduced, the commission approved the purchase, and not only effectually revoked the old but also granted and issued a new certificate of public convenience and necessity to M. & S. Transport Company in conformity with sections 75-229 and 75-230, R. R. S. 1943. In other words, in the case at bar, as found by the commission, and affirmed by this opinion, there was proper notice, hearing, findings, and conformity with such sections, which were lacking in In re Application of Neylon, *supra*, relied upon by appellants.

We are convinced that the order of the commission, entered November 10, 1948, was valid and enforceable in every respect. No appeal was ever taken therefrom, and it was not subject to collateral attack. Therefore, the orders of the commission entered December 10, 1949, and December 30, 1949, were not arbitrary and unreasonable but amply supported by the evidence and the law.

Other matters were presented by briefs and argument, but we deem it unnecessary to discuss them.

For the reasons heretofore stated, such orders should be and hereby are affirmed.

AFFIRMED.